UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHUN D. RANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 4:25-cv-0032-MTS |
| | ) |
| CITIMORTGAGE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, Doc. [43], and Plaintiff's Motions to Remand, Docs. [5], [6]. For the reasons set forth below, the Court will grant the Motion to Dismiss in part and dismiss the claim arising under federal law. In light of the dismissal of the only claim over which the Court has original jurisdiction, the Court will decline to exercise supplemental jurisdiction over the claims arising under state law. Thus, the Court will dismiss those state law claims without prejudice and deny Plaintiff's Motions to Remand as moot.

**I.   Background**

Plaintiff Shun Raney filed this pro se employment action in the Circuit Court of St. Charles County, Missouri against his former employer, Defendant C&W Facility Services, Inc. ("CWS"); C&W's parent company, Defendant Cushman & Wakefield U.S., Inc. ("Cushman & Wakefield"); and Defendant CitiMortgage, Inc. ("CitiMortgage"). Doc. [4]. This action arises out of Plaintiff's allegedly wrongful termination for not fully complying with Defendants' mask mandate during the COVID-19 pandemic. *Id.* at 3. Plaintiff alleges that he was employed by CWS to provide cleaning services at CitiMortgage's property in O'Fallon, Missouri. *Id.* at 2–3. After Plaintiff raised concerns about his safety, CWS informed him that he had been banned from working at

1

CitiMortgage's property due to his alleged non-compliance with the mask mandate. *Id.* at 3. Despite telling Plaintiff that he would be reassigned to work at a different location, CWS terminated him. *Id.* CWS then reported that Plaintiff had been terminated to the Missouri Division of Employment Security, which caused him to accrue over $2,500 in alleged overpaid unemployment benefits. *Id.*

Defendants timely removed the case under 28 U.S.C. §§ 1331, 1441(a), arguing that Plaintiff's claims are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because they are based on rights created by a collective bargaining agreement ("CBA"). Doc. [1]. Defendants have submitted two versions of the CBA that was in effect during Plaintiff's employment. Docs. [1-5], [1-6]. The first version was in effect from January 2016 through December 2019, Doc. [1-5] at 2, and the second was in effect from January 2020 through October 2022, Doc. [1-6] at 2.

Plaintiff moves to remand this case to state court, arguing that his claims do not arise under federal law and are not preempted by the LMRA because they do not require the Court to interpret the CBA. Docs. [5], [6]. The Court granted Plaintiff leave to amend his complaint. Doc. [36]. In the Amended Complaint, Plaintiff alleges that he was not notified of his termination until the time period for filing a grievance under the CBA had expired. Doc. [37] at 4. He brings claims for breach of contract (Count I), tortious interference (Count II), and civil conspiracy (Count III). *Id.* at 4–6.

Defendants move to dismiss the amended complaint for failure to state a claim. Doc. [43]. They contend that Plaintiff's breach of contract claim against Cushman & Wakefield and CitiMortgage should be dismissed because they did not employ Plaintiff, and they were not parties to, or beneficiaries of, the CBA. Doc. [45] at 8–12. Defendants contend that Plaintiff's tortious

2

interference claim must be dismissed because he did not adequately allege that Cushman & Wakefield and CitiMortgage lacked justification for their conduct. *Id.* at 17–19. They assert that the civil conspiracy claim fails because Plaintiff did not adequately allege all of the elements of the underlying tortious interference claim. *Id.* at 20–21. Defendants reiterate their argument that Plaintiff's state law claims are preempted by § 301 because they depend on an analysis of the CBA. *Id.* at 21–24. To the extent Plaintiff's tortious interference and civil conspiracy claims are not preempted, Defendant asks the Court to exercise supplemental jurisdiction over those claims. *Id.* at 24. Finally, Defendants contend that the Amended Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies. *Id.* at 25. Plaintiff opposes the motion, arguing that the case should be remanded because his claims do not depend on an analysis of the CBA. Doc. [47] at 1–2. He contends that he has adequately alleged all of his claims and that he was not required to exhaust his administrative remedies because his claims do not arise under the CBA. *Id.* at 3–5.

**II.     Legal Standards**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

**III.   Discussion**

As an initial matter, Defendants rely on the CBA that they have attached as exhibits to their notice of removal and supplementary briefing in support of their Motion to Dismiss.  A motion to dismiss must be treated as a motion for summary judgment "when matters outside the pleadings are presented and not excluded by the court." *McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007) (quoting *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 948 (8th Cir. 1999)).  "Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading."  *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)).  "The contracts upon which a claim rests are evidently embraced by the pleadings."  *Id.* (citation modified); *see also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss.").  Here, Plaintiff's claim for breach of contract necessarily relies on the existence of an employment contract, and Defendants contend—and Plaintiff does not dispute—that the CBA is the only existing contract governing Plaintiff's employment with CWS.  Thus, the Court may consider the CBA without converting the Motion to Dismiss into a motion for summary judgment.  *See Gorog*, 760 F.3d at 791; *Stahl*, 327 F.3d at 700.

**A. Breach of Contract**

"Section 301 applies to '[s]uits for violation of contracts between an employer and a labor organization,' 29 U.S.C. § 185(a), or, in other words, suits for breaches of CBAs." *Williams v. Nat'l Football League*, 582 F.3d 863, 873 (8th Cir. 2009) (citing *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456 (1990)).  "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract,

4

that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (citing *Avco Corp. v. Aero Lodge 735*, 390 U.S. 557 (1968)).

"In applying the section 301 preemption doctrine, [courts] begin with the claim itself . . . and apply a two-step approach in order to determine if the claim is sufficiently 'independent' to survive section 301 preemption." *Williams*, 582 F.3d at 874 (citation modified). "First, a state-law claim is preempted if it is based on a provision of the CBA, meaning that the CBA provision at issue actually sets forth the right upon which the claim is based." *Id.* (citation modified). "Second, section 301 preemption applies where a state-law claim is dependent upon an analysis of the relevant CBA, meaning that the plaintiff's state-law claim requires interpretation of a provision of the CBA." *Id.* (citation modified).

Plaintiff alleges that Defendants breached the employment contract by terminating him under false pretenses, failing to reassign him, and misrepresenting his employment status to the Missouri Division of Employment Security. Doc. [37] at 4. Plaintiff acknowledges the existence of the CBA in the Amended Complaint, and he does not dispute that the CBA is the only existing contract governing his employment with CWS. Because the employment contract at issue in Count I is the CBA, the CBA "actually sets forth the right upon which the claim is based," and Count I is therefore completely preempted by § 301. *See Williams*, 582 F.3d at 874; *see also Oberkramer v. IBEW-NECA Serv. Ctr., Inc.*, 151 F.3d 752, 756 (8th Cir. 1998) (holding that a state breach of contract claim was "clearly preempted under § 301" where the contract at issue was a CBA). Even if the Court liberally construed Count I as asserting a hybrid § 301 claim, Plaintiff acknowledges that he did not exhaust his grievances under the CBA, and the claim was not timely filed within six months of the alleged breach. *See Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004)

5

("[W]hen the CBA provides exclusive grievance and arbitration procedures an employee is generally required to try to exhaust the contractual grievance or arbitration procedures before filing an individual suit directly against the employer." (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983))); *Scott v. United Auto., Aerospace & Agric. Implement Workers of Am., Loc. Union 879*, 242 F.3d 837, 839 (8th Cir. 2001) (explaining that a hybrid § 301 action is governed by a six-month statute of limitations).  Thus, Count I must be dismissed as preempted. *See Lueck*, 471 U.S. at 220 ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law.").

### B. Tortious Interference & Civil Conspiracy

The elements of tortious interference are: "(1) a valid business expectancy; (2) defendant's knowledge of the relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages."  *Stehno v. Sprint Spectrum, L.P.*, 186 S.W.3d 247, 250 (Mo. banc 2006) (citing *Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 316 (Mo. banc 1993)).  "An action for tortious interference with a business expectancy will lie against a third party only."  *Zipper v. Health Midwest*, 978 S.W.2d 398, 419 (Mo. Ct. App. 1998).

"A 'civil conspiracy' is an agreement or understanding between persons to do an unlawful act, or to use unlawful means to do a lawful act."  *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 780–81 (Mo. banc 1999) (citing *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. banc 1997)).  "A claim of conspiracy must establish: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy;

6

and, (5) the plaintiff was thereby damaged." *Id.* at 781 (citing *Rice v. Hodapp*, 919 S.W.2d 240, 245 (Mo. banc 1996)).

In *Meyer v. Schnucks Mkts., Inc.*, the plaintiff alleged that in retaliation for complaining about his employer's sanitation issues, the company allowed supervisors to harass him and transferred him to an inconvenient job location. 163 F.3d 1048, 1049 (8th Cir. 1998). The plaintiff filed suit against his employer and supervisor, bringing claims of slander, intentional infliction of emotional distress, tortious interference with a business relationship, and civil conspiracy. *Id.* at 1049–50. The defendants moved to dismiss, arguing that all of Plaintiff's claims were preempted by the LMRA. *Id.* 1050–51. The Eighth Circuit reviewed the elements of tortious interference and civil conspiracy under Missouri law and concluded that, "[e]xcept for the existence of the valid business expectancy itself, which can be demonstrated by mere reference to the CBA without any analysis of it, neither of these causes of action is based on, or substantially dependent upon an interpretation of, the CBA." *Id.* at 1051.

Like *Meyer*, Plaintiff alleges that he was wrongfully terminated after he complained about his employer's business practices, and the only element of Plaintiff's tortious inference claim that involves the CBA is the existence of a valid business expectancy, "which can be demonstrated by mere reference to the CBA without any analysis of it." *See id.* at 1051; *see also Stehno*, 186 S.W.3d at 250 (elements of Missouri tortious interference). Nothing in the basic elements of the civil conspiracy claim "is based on, or substantially dependent upon an interpretation of, the CBA." *See Meyer*, 163 F.3d at 1051; *see also Oak Bluff Partners*, 3 S.W.3d at 781 (elements of Missouri civil conspiracy). To decide both claims, the trier of fact will need to consider only Defendants' conduct and motives. *See Meyer*, 163 F.3d at 1052 ("Purely factual questions about an employee's conduct or an employer's conduct and motives do not require a court to interpret any term of a

7

collective-bargaining agreement." (citation modified)).  Since Counts II and III are "not based on rights created by, or substantially dependent on an analysis of, the CBA, [they are] not preempted by the LMRA."  *See id.*

### C. Supplemental Jurisdiction

Having dismissed the only claim arising under federal law, the Court will determine whether to retain or decline supplemental jurisdiction over the state law claims for tortious interference and civil conspiracy.  *See* 28 U.S.C. § 1367(c)(3).  A district court's decision to exercise supplemental jurisdiction in cases with this posture is "purely discretionary."  *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009).  But "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Finding no factor that distinguishes this case from the usual case in which all federal-law claims are eliminated before trial, the Court declines to exercise supplemental jurisdiction over the remaining claims.  *See, e.g.*, *Bhattacharya v. Bd. of Regents of Se. Mo. State Univ.*, 1:22-cv-00043 MTS, 2022 WL 17844457, at *10–11 (E.D. Mo. Dec. 22, 2022).  Thus, Counts II and III will be dismissed without prejudice.[*]

### IV.   Conclusion

For the foregoing reasons, the Court will grant the Motion to Dismiss in part, dismissing the breach of contract claim.  Because the Court declines to exercise supplemental jurisdiction

---

[*] The Court, *sua sponte*, considered whether to remand the state law claims as opposed to dismiss them without prejudice.  *See Roeben v. BG Excelsior Ltd. P'ship*, 545 F.3d 639, 644 (8th Cir. 2008) (finding district court did not abuse its discretion when it dismissed without prejudice plaintiff's remaining state law claims); *Barrow v. Kan. State Univ.*, No. 22-3266, 2023 WL 10101935, at *7–8 (10th Cir. Oct. 25, 2023) (unpublished) (same).

over the tortious interference and civil conspiracy claims, the Court will deny the Motion to Dismiss without prejudice in all other respects. The Court will deny Plaintiff's Motions to Remand as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [43], is **GRANTED** in part and **DENIED** without prejudice in part. The Motion is granted as to Count I, which is **DISMISSED** as preempted.

**IT IS FURTHER ORDERED** that supplemental jurisdiction is declined over the remaining state law claims. Thus, Counts II and III are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Remand, Docs. [5], [6], are **DENIED** as moot.

A separate Order of Dismissal will be entered herewith.

Dated this 30th day of September 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE